UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HECTOR JOSE M. M.,
[A# 249-048-756]

　　　　Petitioner,

　　v.

WARDEN, et al.,

　　　　Respondents.

No. 2:26-cv-00429-TLN-EFB

**ORDER**

This matter is before the Court on Petitioner Hector M. M.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) On February 25, 2026, Respondents filed an answer. (ECF No. 7.) On February 27, 2026, Petitioner filed a traverse. (ECF No. 8.) For the reasons set forth below, the Court granted Petitioner's Writ of Habeas Corpus and ordered his immediate release on March 10, 2026. (ECF No. 11.)

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a native and citizen of Venezuela. (ECF No. 1-2 at 2.) He entered the United States on November 15, 2024. (ECF No. 7-1 at 3.) Petitioner was briefly detained by the

---

[1]　As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

Department of Homeland Security, released on his own recognizance and was enrolled in the Alternatives to Detention ("ATD") program.  (*Id.*)  As part of the ATD program, Petitioner had an ankle monitor placed on him.  (ECF No. 1 at 6.)  Thereafter, Petitioner followed all directions, attended all check ins and never missed any appointments with respect to the ATD program.  Notwithstanding, on October 27, 2025, while reporting for a routine check in at the Dallas Immigration and Customs Enforcement Field Office, and without prior warning, or any allegation that he violated any term or condition of the ATD program, Petitioner was detained by immigration officials.  (ECF No. 8 at 4.)  He was detained without a hearing or opportunity for bond.  (*Id.*)  Prior to the Court ordering his immediate release (ECF No. 11), Petitioner was detained at the California City Correctional Facility for almost five months.  (ECF No. 7 at 1.)

On February 13, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Petitioner challenges the lawfulness of his civil detention.  (*Id.*)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all

"persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a protected liberty interest in his continued freedom. The Government's decision to release Petitioner was an "implicit promise" that he would not be re-detained if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Respondents put forth no evidence that Petitioner was in fact found to have violated the terms of his release. (*See generally* ECF No. 7.)

The Court is not persuaded by Respondents' argument that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b). Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' position. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). Respondents put forth no new arguments or facts justifying a different

conclusion in this case.  Accordingly, Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

> B.    Process Required

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  The *Mathews* factors support requiring Petitioner receive notice and a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him.  The amount of time Petitioner spent at liberty underscores the gravity of its loss.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.")

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. "Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025).  As Petitioner has received virtually no procedural safeguards such as a bond or custody redetermination hearing, the risk that he is being detained without justification is high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a hearing is

negligible.  Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the Government's interest is further diminished where, as here, Petitioner was already found appropriate for release and has complied with the conditions of his release.  *R.D.T.M.*, 2025 WL 2686866 at *6.  "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions.".  *Hernandez*, 872 F.3d at 994.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention.  He received neither.  Respondents therefore violated Petitioner's due process rights.

**IV.    CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.    Respondents must file a notice of compliance with the Court's March 10, 2026 Order and identify the date of Petitioner's release by March 27, 2026.

2.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3.    Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

4.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 20, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE